IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ADRIAN COLLINS,                    :        Civil No. 3:22-cv-415
                                   :
              Petitioner           :        (Judge Mariani)
                                   :
        v.                         :
                                   :
LAUREL HARRY, *et al.*,            :
                                   :
              Respondents          :

## MEMORANDUM

Petitioner Adrian Collins ("Collins") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court of Common Pleas of Dauphin County, Pennsylvania.  (Doc. 1).  For the reasons discussed below, the Court will dismiss the petition as untimely.

## I.  Background

On April 5, 2013, a jury convicted Collins of first-degree murder, second-degree murder, robbery, and carrying a firearm without a license.  *See Commonwealth v. Collins*, https://ujsportal.pacourts.us, electronic docket number CP-22-CR-0002052-2012.  On April 5, 2013, the trial court sentenced Collins to a term of life imprisonment for the first-degree murder conviction, a consecutive sentence of seven to fourteen years for the conviction of robbery, and a consecutive sentence of one to two years for the crime of carrying a firearm without a license.  *See id.*  Collins filed a timely direct appeal. *Commonwealth v. Collins*, No. 795 MDA 2013 (Pa. Super. 2013).  On February 21, 2014, the Pennsylvania Superior

Court affirmed his judgment of sentence. *Commonwealth v. Collins*, 97 A.3d 810, 795 MDA

2013 (Pa. Super. 2014) (unpublished memorandum).  Collins filed a petition for allowance of

appeal with the Pennsylvania Supreme Court. *Commonwealth v. Collins*, No. 240 MAL

2014 (Pa. 2014).  On August 20, 2014, the Pennsylvania Supreme Court denied the petition

for allowance of appeal. *Commonwealth v. Collins*, 97 A.3d 742 (Pa. 2014).

On November 16, 2015, Collins filed a timely *pro se* petition for post-conviction

collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§

9541-46. *See Collins*, CP-22-CR-0002052-2012.  The PCRA court subsequently appointed

counsel, who filed a supplemental PCRA petition. *See Commonwealth v. Collins*, 2018 WL

6735019, at *1 (Pa. Super. Dec. 24, 2018).  On August 31, 2016, the PCRA court issued

notice of its intent to dismiss the PCRA petition. *See id.*  On February 8, 2018, the PCRA

court denied the petition. *See Collins*, CP-22-CR-0002052-2012.  Collins filed a timely

appeal to the Pennsylvania Superior Court.  On December 24, 2018, the Superior Court

affirmed the PCRA court's denial of the petition. *Commonwealth v. Collins*, 2018 WL

6735019 (Pa. Super. Dec. 24, 2018).  Collins then filed a petition for allowance of appeal

with the Pennsylvania Supreme Court. *Commonwealth v. Collins*, No. 40 MAL 2019 (Pa.

2019).  On September 17, 2019, the Pennsylvania Supreme Court denied the petition for

allowance of appeal. *Commonwealth v. Collins*, No. 40 MAL 2019, 655 Pa. 322, 217 A.3d

1211 (Table) (Pa. Sept. 17, 2019).

On or about March 8, 2022, Collins filed the instant federal habeas petition.  (Doc. 1).

On May 13, 2022, Respondent filed a partial response arguing that the petition must be

dismissed as untimely.  (Doc. 9).  The petition is ripe for resolution.

## II.   **Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a

person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set

forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No.

104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See* 28 U.S.C. § 2244(d)(1).  Specifically, a state

prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of

limitations that provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of
    habeas corpus by a person in custody pursuant to the judgment of a State
    court.  The limitation period shall run from the latest of –

  (A)  the date on which the judgment became final by the conclusion of
       direct review or the expiration of the time for seeking such review;

  (B)  the date on which the impediment to filing an application created
       by State action in violation of the Constitution or laws of the United
       States is removed, if the applicant was prevented from filing by
       such State action;

  (C)  the date on which the constitutional right asserted was initially
       recognized by the Supreme Court, if the right has been newly
       recognized by the Supreme Court and made retroactively
       applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).  Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired.  *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Here, the judgment of sentence became final on November 18, 2014, ninety days after the Pennsylvania Supreme Court denied the petition for allowance of appeal.  Thus, Collins had one year after his sentence became final to file his federal habeas petition.  The AEDPA statute of limitations under § 2254(d)(1)(A) expired on November 18, 2015.  However, Collins did not file the instant petition until March 8, 2022, more than six years after the expiration of the statute of limitations.  Therefore, the instant petition must be dismissed unless the statute of limitations was subject to statutory or equitable tolling.

A.    Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly filed state post-conviction proceedings are pending in any state court.  *See* 28 U.S.C. § 2244(d)(2).  Here, the statute of limitations began running on

4

November 18, 2014 and, absent any tolling, would expire on November 18, 2015. However,

pursuant to 28 U.S.C. § 2244(d)(2), when Collins filed his PCRA petition on November 16,

2015, the AEDPA's filing period was statutorily tolled. At that point, the AEDPA clock ran for

363 days, with two days of the one-year filing period remaining. The statute remained tolled

until September 17, 2019, when the Pennsylvania Supreme Court denied the petition for

allowance of appeal. On September 17, 2019, the statute began running again, and the two

days remaining in which to file his federal petition expired on September 19, 2019. As a

result, absent equitable tolling or the applicability of the actual innocence exception, Collins'

federal habeas petition filed on March 8, 2022 is 901 days late.

### B.    Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in

"extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d

Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations

"when the principle of equity would make the rigid application of a limitation period unfair"

that the doctrine of equitable tolling is to be applied. *See Merritt*, 326 F.3d at 168.

Generally, a litigant seeking equitable tolling must establish the following two elements: "(1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way." *Pace*, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or

she exercised reasonable diligence in investigating and bringing the claims. *See Robinson*

*v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002).  Mere excusable neglect is not sufficient.

*See LaCava*, 398 F.3d at 276.  Moreover, "the party seeking equitable tolling must have

acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*,

219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.

2000)).

Extraordinary circumstances have been found where (1) the respondent has actively

misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from

asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong

forum, or (4) the court has misled a party regarding the steps that the party needs to take to

preserve a claim.  *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d

Cir. 2005).

Additionally, the Supreme Court has recognized that a credible showing of actual

innocence may allow a petitioner to pursue the merits of his § 2254 petition notwithstanding

the existence of "a procedural bar . . . or . . . expiration of the statute of limitations" under the

miscarriage of justice exception.  *See McQuiggin v. Perkins*, 569 U.S. 383 386 (2013).

Such claims, however, are "rarely successful." *See Schlup v. Delo*, 513 U.S. 298, 324

(1995).  To prevail under this standard, a petitioner must show that "it is more likely than not

that no reasonable juror would have convicted him in the light of new evidence." *See id.* at

327.  "Without any new evidence of innocence, even the existence of a concededly

meritorious constitutional violation is not in itself sufficient to establish a miscarriage of

justice that would allow a habeas court to reach the merits of a barred claim." *See id.* at 316.

In the instant case, Collins contends that the statute of limitations should be equitably tolled on the ground that his appointed post-conviction counsel filed a petition for allowance of appeal but did not notify him of the Pennsylvania Supreme Court's September 17, 2019 denial.  (Doc. 1, pp. 15-16).  He claims that he did not receive notice of the Pennsylvania Supreme Court's denial of his petition for allowance of appeal until December 2021.  (Doc. 1, p. 16; Doc. 1-5).  Even assuming that Collins did not receive notice until December 2021, and the statute began running again, he only had two days remaining to file his federal petition.  Collins waited an additional three months to file his federal habeas petition in March 2022.  The Court finds that Collins has failed to present sufficient evidence to account for his delay in seeking federal habeas relief.  Moreover, Collins does not indicate that extraordinary circumstances obstructed his pursuit of such relief.  Finally, Collins advances no claim of actual innocence or the discovery of new evidence that would support such a finding.  Accordingly, the Court concludes that there is no basis for the limitations period to be equitably tolled in this matter.

## III.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial

showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies

this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S.

322, 327 (2003).  As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds
> without reaching the prisoner's underlying constitutional claim, a COA should
> issue when the prisoner shows, at least, that jurists of reason would find it
> debatable whether the petition states a valid claim of the denial of a
> constitutional right and that jurists of reason would find it debatable whether
> the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Collins failed to demonstrate that a certificate

of appealability should issue.

**IV.    Conclusion**

The Court will dismiss Collins' application (Doc. 1) for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254 as untimely, and a certificate of appealability will not issue.  A

separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: _____, 2022

8