IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADRIAN COLLINS, | : | Civil No. 3:22-cv-415 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| LAUREL HARRY, *et al.*, | : | |
| Respondents | : | |

FILED
SCRANTON

NOV 18 2022

PER _____ /s/ _____
DEPUTY CLERK

## ORDER

**AND NOW**, this 18th day of November, 2022, upon consideration of Petitioner's motion (Doc. 12) for reconsideration of the June 1, 2022 Memorandum and Order dismissing the habeas petition as untimely, and it appearing that Petitioner fails to demonstrate reliance on one of three major grounds needed for a proper motion for reconsideration, *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (stating three major grounds include "(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice."), but, instead, simply appears to disagree with the Court's decision in this matter[1], *see Waye v. First Citizen's Nat'l Bank*, 846 F. Supp.

---

[1] In the motion for reconsideration, Petitioner asserts that a $5.00 filing fee was deducted from his inmate account on July 5, 2019, thus rendering his habeas petition timely filed as of that date. (Doc. 12). However, the record confirms that Petitioner signed his habeas petition on March 8, 2022, it was time-stamped by the Clerk's Office on March 21, 2022, and the $5.00 filing fee was received by the Clerk's Office on March 21, 2022. (Docs. 1, 3). The Court finds no reason to revisit its finding that the habeas petition was filed on March 8, 2022.

310, 314 (M.D. Pa. 1994) (finding that "[a] motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of."), *aff'd*, 31 F.3d 1174 (3d Cir. 1994); *see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) (holding "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"), **IT IS HEREBY ORDERED THAT** the motion (Doc. 12) for reconsideration is **DENIED**.

                                                    *s/ Robert D. Mariani*
                                                    Robert D. Mariani
                                                    United States District Judge