**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ADRIAN COLLINS,                  :        Civil No. 3:22-cv-415
                                 :
            Petitioner           :        (Judge Mariani)
                                 :
      v.                         :
                                 :
LAUREL HARRY, *et al.*,          :
                                 :
            Respondents          :

**<u>MEMORANDUM</u>**

Petitioner Adrian Collins ("Collins") filed the instant petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the Court

of Common Pleas of Dauphin County, Pennsylvania.  (Doc. 1).  On May 13, 2022,

Respondent filed a response and argued that the § 2254 petition must be dismissed as

untimely.  (Doc. 9).  Collins' reply was due by May 27, 2022.  Collins did not file a reply;

therefore, on June 2, 2022, the Court issued a Memorandum and Order dismissing the

habeas petition as untimely.  (Docs. 10, 11).  The Court subsequently denied Collins' motion

for reconsideration.  (Docs. 12, 13).

Collins then filed a Notice of Appeal with the United States Court of Appeals for the

Third Circuit.  (Doc. 15).  On August 30, 2023, the Third Circuit issued an Order remanding

the matter for consideration of whether Collins' habeas petition is timely filed in light of the

placeholder or "protective" petition that he previously filed in this Court and that was stayed

in this Court.  (Doc. 18, *Collins v. Superintendent Camp Hill SCI, et al.*, No. 22-3341 (3d Cir.)).

For the reasons set forth below, the Court concludes that the habeas petition is timely filed.  Further, upon review of the merits of the claims, the Court finds that Collins' claims are either procedurally defaulted or without merit.

## I.    State Court Background[1]

On April 5, 2013, a jury convicted Collins of first-degree murder, second-degree murder, robbery, and carrying a firearm without a license.  *See Commonwealth v. Collins*, https://ujsportal.pacourts.us, electronic docket number CP-22-CR-0002052-2012.  On April 5, 2013, the trial court sentenced Collins to a term of life imprisonment for the first-degree murder conviction, a consecutive sentence of seven to fourteen years for the conviction of robbery, and a consecutive sentence of one to two years for the crime of carrying a firearm without a license.  *See id.*  Collins filed a timely direct appeal.  *Commonwealth v. Collins*, No. 795 MDA 2013 (Pa. Super. 2013).  On February 21, 2014, the Pennsylvania Superior Court affirmed his judgment of sentence.  *Commonwealth v. Collins*, 97 A.3d 810, 795 MDA 2013 (Pa. Super. 2014) (unpublished memorandum).  Collins filed a petition for allowance of appeal with the Pennsylvania Supreme Court.  *Commonwealth v. Collins*, No. 240 MAL

---

[1]    A federal habeas court may take judicial notice of state court records.  *Minney v. Winstead*, 2013 WL 3279791, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).  Accordingly, in reviewing this petition, the Court takes judicial notice of the publicly available dockets in the Court of Common Pleas of Dauphin County, the Pennsylvania Superior Court, and the Pennsylvania Supreme Court.

2014 (Pa. 2014).  On August 20, 2014, the Pennsylvania Supreme Court denied the petition

for allowance of appeal.  *Commonwealth v. Collins*, 97 A.3d 742 (Pa. 2014).

On November 16, 2015, Collins filed a timely *pro se* petition for post-conviction

collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§

9541-46.  *See Collins*, CP-22-CR-0002052-2012.  The PCRA court subsequently appointed

counsel, who filed a supplemental PCRA petition.  *See Commonwealth v. Collins*, 2018 WL

6735019, at *1 (Pa. Super. Dec. 24, 2018).  On August 31, 2016, the PCRA court issued

notice of its intent to dismiss the PCRA petition.  *See id.*  On February 8, 2018, the PCRA

court denied the petition.  *See Collins*, CP-22-CR-0002052-2012.  Collins filed a timely

appeal to the Pennsylvania Superior Court.  On December 24, 2018, the Superior Court

affirmed the PCRA court's denial of the petition.  *Commonwealth v. Collins*, 2018 WL

6735019.  Collins then filed a petition for allowance of appeal with the Pennsylvania

Supreme Court.  *Commonwealth v. Collins*, No. 40 MAL 2019 (Pa. 2019).  On September

17, 2019, the Pennsylvania Supreme Court denied the petition for allowance of appeal.

*Commonwealth v. Collins*, No. 40 MAL 2019, 655 Pa. 322, 217 A.3d 1211 (Table) (Pa. Sept.

17, 2019).

On March 8, 2022, Collins filed the instant federal habeas petition.[2]  (Doc. 1).

---

[2]     Under the prisoner mailbox rule, the Court deems the petition filed on March 8, 2022, the date
Collins signed it.  *See Houston v. Lack*, 487 U.S. 266 (1988) (holding that that date on which a prisoner
delivers documents to prison authorities for mailing is considered the filing date); *Hodge v. Klopotoski*, No.
08-455, 2009 WL 3572262, at *15 (W.D. Pa. Oct. 26, 2009) ("In the absence of contrary evidence, a court
will typically assume that a prisoner presented his or her petition to prison authorities for filing the same
date that he or she signed it.").

## II.    Timeliness Discussion

For the purposes of completeness, the Court will first restate its analysis regarding the timeliness of the habeas petition before turning to the issues on remand.

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See* 28 U.S.C. § 2244(d)(1).  Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).  Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired.  *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Here, the judgment of sentence became final on November 18, 2014, ninety days after the Pennsylvania Supreme Court denied the petition for allowance of appeal.  Thus, Collins had one year after his sentence became final to file his federal habeas petition.  The AEDPA statute of limitations under § 2254(d)(1)(A) expired on November 18, 2015.  However, Collins did not file the instant petition until March 8, 2022, more than six years after the expiration of the statute of limitations.  Therefore, the instant petition must be dismissed unless the statute of limitations was subject to statutory or equitable tolling.

## A.    Statutory Tolling

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly filed state post-conviction proceedings are pending in any state court.  *See* 28 U.S.C. § 2244(d)(2).  Here, the statute of limitations began running on November 18, 2014 and, absent any tolling, would expire on November 18, 2015.  However,

pursuant to 28 U.S.C. § 2244(d)(2), when Collins filed his PCRA petition on November 16,

2015, the AEDPA's filing period was statutorily tolled.  At that point, the AEDPA clock ran for

363 days, with two days of the one-year filing period remaining.  The statute remained tolled

until September 17, 2019, when the Pennsylvania Supreme Court denied the petition for

allowance of appeal.  On September 17, 2019, the statute began running again, and the two

days remaining in which to file his federal petition expired on September 19, 2019.  As a

result, absent equitable tolling or the applicability of the actual innocence exception, Collins'

federal habeas petition filed on March 8, 2022 is 901 days late.

### B.    Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in

"extraordinary" and "rare" circumstances.  *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d

Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only in situations

"when the principle of equity would make the rigid application of a limitation period unfair"

that the doctrine of equitable tolling is to be applied.  *See Merritt*, 326 F.3d at 168.

Generally, a litigant seeking equitable tolling must establish the following two elements: "(1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

stood in his way."  *Pace*, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or

she exercised reasonable diligence in investigating and bringing the claims.  *See Robinson*

*v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002).  Mere excusable neglect is not sufficient.

*See LaCava*, 398 F.3d at 276.  Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim.  *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Additionally, the Supreme Court has recognized that a credible showing of actual innocence may allow a petitioner to pursue the merits of his § 2254 petition notwithstanding the existence of "a procedural bar . . . or . . . expiration of the statute of limitations" under the miscarriage of justice exception.  *See McQuiggin v. Perkins*, 569 U.S. 383 386 (2013). Such claims, however, are "rarely successful." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).  To prevail under this standard, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *See id.* at 327.  "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of

justice that would allow a habeas court to reach the merits of a barred claim." *See id.* at
316.

The Court must now decide if the doctrine of equitable tolling excuses Collins' failure
to abide by the time limitations of the AEDPA.  The Third Circuit has instructed this Court to
examine the following factors when determining whether the habeas petition is timely:

> (1) Whether Collins can be considered to have complied with this Court's
> instructions in the stay-and-abey order in Case Number 3:19-cv-1187, and
> whether the claims in the current petition are the same as or relate back to
> the protective petition; and
>
> (2) In considering whether Collins' efforts to comply with the stay-and-abey
> order are sufficient under the circumstances, this Court shall consider the
> effect, if any, of (1) a typographical error mistakenly recording Collins'
> inmate identification number as "K2-8038" rather than the correct "KZ-
> 8038," on Collins' receipt of notice of his protective petition's docketing
> and case number; and (2) the lack of response to Collins' request for a
> status update that was docketed in Case Number 3:19-cv-1187, at Doc. 7.

(Doc. 18).

The Court considers whether the instant habeas petition is timely filed in light of the
placeholder or "protective" petition that Collins previously filed in this Court in case number
3:19-cv-1187.  By way of background, Collins filed a § 2254 habeas petition on June 14,
2019, docketed at 3:19-cv-1187.  *Collins v. Oberlander, et al.*, No. 3:19-cv-1187 (M.D. Pa.),
Doc. 1.  Along with that habeas petition, Collins filed a motion to stay the proceedings
pending exhaustion of state court PCRA proceedings.  *Id.*, Doc. 4.  On July 11, 2019, the
Court determined that it was appropriate to stay the matter in accordance with the stay and
abeyance rule announced in *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004) (finding that

8

"[s]taying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition"). *Id.*, Doc. 5. The Court also ordered Collins to inform the Court within 60 days of exhausting his state remedies, whether he intended on pursuing that federal habeas petition. *Id.* On July 31, 2019, the Court's mail to Collins was returned as undeliverable because his inmate number was listed as "K2-8038" rather than "KZ-8038." *Id.*, Doc. 6. Upon review of the habeas petition in case number 3:19-cv-1187, Collins' inmate number is difficult to decipher, and it appears that that his inmate number was initially misinterpreted and docketed as "K2-8038." *Id.*, Doc. 1. Because of this clerical error, and through no fault of his own, Collins did not receive this Court's stay-and-abey Order. Because he did not receive the Court's Order, Collins sent a letter to the Clerk of Court in May of 2020 inquiring as to the status of his request for a stay and informing the Court that he was still awaiting a final response in his PCRA proceedings. *Id.*, Doc. 7. Again, through no fault of his own, Collins did not receive a response from the Clerk of Court.

Approximately two years later, in March of 2022, Collins filed a new habeas petition in the instant action, at docket number 3:22-cv-415. It is clear that the instant habeas petition raises the same claims as the previously filed petition. Although Collins indicates that he has not previously filed a petition in federal court regarding the conviction that he is challenging in the instant action (*see* Doc. 1, p. 12), the Court finds that the previously filed petition in case number 3:19-cv-1187 is a placeholder petition.

Based on the confusion brought by the return of the stay-and-abey Order and the unusual circumstances of this case, the Court finds that Collins has met the demands of the equitable tolling doctrine to bring his federal filing within the AEDPA one-year limitations period.  Thus, the Court finds that the present habeas petition is timely filed.  The Court will therefore present and address the merits of the claims.

## III.   Merits Discussion

The Court finds that Collins' claims are either procedurally defaulted or without merit and will be denied.  Collins asserts eight grounds for relief in his habeas petition: (1) trial counsel was ineffective for failing to seek suppression of a witness' identification of Collins; (2) trial counsel was ineffective for failing to call an expert witness; (3) trial counsel was ineffective for failing to object to inflammatory photographs; (4) trial counsel was ineffective for failing to request a proper jury instruction relating to the intoxicated condition of Commonwealth witnesses; (5) trial counsel was ineffective for failing to properly cross-examine certain Commonwealth witnesses regarding their incentives; (6) trial counsel was ineffective for failing to cross-examine Commonwealth witness, Rashon Burston, as to why his fingerprints were on the ammunition tray; (7) trial counsel was ineffective for failing to argue the fact that the specific caliber of gun involved in the shooting was unknown; and (8) trial counsel was ineffective for failing to argue that there was prosecutorial misconduct. (Doc. 1).  In his traverse, Collins asserts that when his claims are viewed as a whole, he is entitled to habeas relief.  (Doc. 27, p. 29).

A.      **Legal Standards**

1.      *Exhaustion and Procedural Default*

Before the federal court can consider the merits of a habeas claim, a petitioner must comply with the exhaustion requirement of section 2254(b), which requires a petitioner to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Exhaustion requires the petitioner to present to the state courts the same factual and legal theory supporting the claim. *Landano v. Rafferty*, 897 F.2d 661, 669 (3d Cir. 1990). It also requires the petitioner to preserve each claim at the state appellate level. *See Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004) (exhaustion satisfied only if claim fairly presented at each level of the state court system) (citing *O'Sullivan*, 526 U.S. at 844-45). The habeas petitioner has the burden of proving exhaustion. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner's failure to exhaust his state remedies may be excused in limited circumstances on the ground that exhaustion would be futile. *Lambert*, 134 F.3d at 518-19. Where such futility arises from a procedural bar to relief in state court, the claim is subject to the rule of procedural default. *See Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). In addition, if the state court does not address the merits of a claim because the petitioner failed to comply with the state's procedural rules in presenting the claim, it is also procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

If a claim is found defaulted, the federal court may address it only if the petitioner

establishes cause for the default and prejudice resulting therefrom, or that a failure to

consider the claim will result in a fundamental miscarriage of justice. *Werts*, 228 F.3d at

192. To meet the "cause" requirement to excuse a procedural default, a petitioner must

"show that some objective factor external to the defense impeded counsel's efforts to

comply with the State's procedural rule." *Id.* at 192-93 (quoting and citing *Murray v. Carrier*,

477 U.S. 478, 488-89 (1986)). Additionally, a petitioner can rely on post-conviction

counsel's ineffectiveness to establish cause to overcome the default of a substantial claim

of ineffective assistance of trial counsel. *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). To

establish prejudice, a petitioner must prove "'not merely that the errors at...trial created a

possibility of prejudice, but that they worked to his actual and substantial disadvantage,

infecting his entire trial with error of constitutional dimensions.'" *Bey v. Sup't Greene SCI*,

856 F.3d 230, 242 (3d Cir. 2017).

For a petitioner to satisfy the fundamental miscarriage of justice exception to the rule

of procedural default, the Supreme Court requires that the petitioner show that a

"constitutional violation has probably resulted in the conviction of one who is actually

innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray*, 477 U.S. at 496).

This requires that the petitioner supplement his claim with "a colorable showing of factual

innocence." *McCleskey v. Zant*, 499 U.S. 467, 495 (1991) (citing *Kuhlmann v. Wilson*, 477

U.S. 436, 454 (1986)).  In other words, a petitioner must present new, reliable evidence of factual innocence.  *Schlup*, 513 U.S. at 324.

### 2.  *Merits Standard*

Once a court has determined that the exhaustion requirement is met and, therefore, that review on the merits of the issues presented in a habeas petition is warranted, the scope of that review is set forth in 28 U.S.C. § 2254(d).  Section 2254(d) provides, in pertinent part, that an application for a writ of habeas corpus premised on a claim previously adjudicated on the merits in state court shall not be granted unless:

> (1) [the decision] was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) [the decision] was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  To establish that the decision was contrary to federal law "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." *Matteo v. Superintendent*, 171 F.3d 877, 888 (3d Cir. 1999).  Similarly, a federal court will only find a state court decision to be an unreasonable application of federal law if the decision, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." *Id.*

Further, under 28 U.S.C. § 2254(e)(1), a federal court is required to presume that a state court's findings of fact are correct.  A petitioner may only rebut this presumption with clear and convincing evidence of the state court's error.  *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Matteo*, 171 F.3d at 888; *Thomas v. Varner*, 428 F.3d 492, 497-98 (3d Cir. 2005).  This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).  Consequently, a habeas petitioner "must clear a high hurdle before a federal court will set aside any of the state court's factual findings."  *Mastracchio v. Vose*, 274 F.3d 590, 597-98 (1st Cir. 2001).

Like the "unreasonable application" prong of paragraph (1), a factual determination should be adjudged "unreasonable" under paragraph (2) only if the court finds that a rational jurist could not reach the same finding on the basis of the evidence in the record.  28 U.S.C. § 2254(d)(2); *Porter v. Horn*, 276 F. Supp. 2d 278, 296 (E.D. Pa. 2003); *see also Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000); *cf. Jackson v. Virginia*, 443 U.S. 307, 316 (1979).  "This provision essentially requires the district court to step into the shoes of an appellate tribunal, examining the record below to ascertain whether sufficient evidence existed to support the findings of fact material to the conviction."  *Breighner v. Chesney*, 301 F. Supp. 2d 354, 364 (M.D. Pa. 2004) (citing 28 U.S.C. § 2254(d)(2) and (f)(3)).  Mere disagreement with an inferential leap or credibility judgment of the state court is insufficient

to permit relief. *Porter*, 276 F. Supp. 2d at 296; *see also Williams v. Taylor*, 529 U.S. 362, 408-09 (2000); *Hurtado v. Tucker*, 245 F.3d 7, 16 (1st Cir. 2001). Only when the finding lacks evidentiary support in the state court record or is plainly controverted by evidence therein should the federal habeas court overturn a state court's factual determination. *Porter*, 276 F. Supp. 2d at 296; *see also Williams*, 529 U.S. at 408-09.

### 3.    *Ineffective Assistance of Counsel Standard*

The Sixth Amendment right to counsel is the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This right to effective assistance of counsel also extends to the first appeal. *Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). In *Strickland*, the Supreme Court articulated a two-prong test in assessing whether a petitioner has been denied the effective assistance of counsel. *Strickland*, 466 U.S. at 687-88. A petitioner must demonstrate: (1) that his counsel's representation "fell below an objective standard of reasonableness" and (2) that such defective performance caused the petitioner prejudice. *See id.*

In evaluating the first prong of the *Strickland* test, the court must be "highly deferential" toward counsel's conduct. *Id.* at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.* ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was

unreasonable.").  "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different trial strategy would have fared better."  *Rolan v. Vaughn*, 445 F.3d 671, 681-82 (3d Cir. 2006) (citing *Strickland*, 446 U.S. at 689).  Notably, courts will not deem counsel ineffective for failing to raise a meritless argument.  *Strickland*, 466 U.S. at 691; *United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  *See Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  Moreover, the petitioner must show that he or she had a reasonable likelihood of prevailing on the motion at issue, and having prevailed on the motion, it was also reasonably likely that the result of the trial would have been different.  *See Thomas*, 428 F.3d at 502.

To prevail on a claim for ineffective assistance of counsel, a petitioner must satisfy both prongs of the *Strickland* test.  *Carpenter v. Vaughn*, 296 F.3d 138, 149 (3d Cir. 2002). The inquiry may begin with either the deficient performance or prejudice prong, and the court is not required to consider the second prong of the test if the petitioner is unable to satisfy the first one.  *Strickland*, 466 U.S. at 697.

B.     Discussion

1.     **Ground One—Trial counsel was ineffective for failing to seek suppression of a witness' identification of Collins**

Collins first alleges that trial counsel was ineffective for failing to seek suppression of a witness' identification of him. This claim was fully adjudicated during the PCRA proceedings. The Superior Court ultimately found that Collins was not entitled to relief on this claim and reasoned as follows:

> Appellant first argues that trial counsel was ineffective for failing to seek suppression of a witness's identification of Appellant. Appellant's Brief at 14-16. Specifically, Appellant asserts that the identification testimony of witness Eui Noh should have been suppressed because his recognition of Appellant stemmed from seeing Appellant at the preliminary hearing. *Id.* at 14. Appellant believes that this resulted in an impermissibly suggestive identification.
>
> In addressing whether there is merit to Appellant's underlying claim of error, we are mindful of the following:
>
>> In reviewing the propriety of identification evidence, the central inquiry is whether, under the totality of the circumstances, the identification was reliable.... Suggestiveness in the identification process is but one factor to be considered in determining the admissibility of such evidence and will not warrant exclusion absent other factors. As this Court has explained, the following factors are to be considered in determining the propriety of admitting identification evidence: the opportunity of the witness to view the perpetrator at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the perpetrator, the level of certainty demonstrated at the confrontation, and the time between the crime and confrontation. The corrupting effect of the suggestive identification, if any, must be weighed against these factors.
>
> *Commonwealth v. Moye*, 836 A.2d 973, 976 (Pa. Super. 2003)[.]

17

In determining that this issue lacks merit, the PCRA court offered the following apt analysis, which we adopt as our own:

> [Appellant's] bald assertion that the witness seeing him at the preliminary hearing was the only reason [the witness] identified [Appellant] at trial is insufficient to warrant relief on grounds of ineffectiveness.  Suggestiveness, alone, will not warrant suppression of identification testimony.  Further, there is no evidence in the record that the witness was uncertain whether [Appellant] was the man he witnessed, nor is there any question of the witness's ability to view [Appellant] at the time in question.  Finally, aside from a general allegation, [Appellant] makes no argument that he was prejudiced by the inclusion of the identification testimony.  There were several witnesses to the shooting, as well as security camera footage from a nearby business.  Even without the identification in question, it is unlikely that there would have been a different result.  Therefore, [Appellant's] claim lacks merit.

PCRA Court Opinion, 8/31/16, at 3-4.

*Commonwealth v. Collins*, 2018 WL 6735019, at *3-4.

After review of the record, the Superior Court adopted the PCRA court's finding that "[s]uggestiveness, alone, will not warrant suppression of identification testimony.  Further, there is no evidence in the record that the witness was uncertain whether [Collins] was the man he witnessed, nor is there any question of the witness's ability to view [Collins] at the time in question."  The state court concluded that the claim lacked arguable merit and that Collins had failed to demonstrate how he was actually prejudiced by counsel's failure to seek suppression of the witness' identification of Collins.  The state court appropriately looked to Collins to explain how he was actually prejudiced.  The state court determined, again accurately, that Collins could not rely on a bald assertion of prejudice, without proving

how he was prejudiced, to meet his burden.  This is a reasonable application of the

*Strickland* prejudice prong, especially given the PCRA court's finding that there was

substantial evidence of Collins' guilt, including several witnesses to the shooting, and

security camera footage.

As stated, there is a doubly deferential standard applicable in ineffective assistance

of counsel claims under § 2254(d) and *Strickland*.  In addition, pursuant to 28 U.S.C. §

2254(e)(1), this Court is bound by the factual determinations of the state court absent clear

and convincing evidence to the contrary.  The state court's factual determination that the

identification in this matter was not impermissibly suggestive is binding upon this Court on

habeas review and Collins has not rebutted this presumption by clear and convincing

evidence as required by 28 U.S.C. 2254(e)(1).

Based on the foregoing, and in conjunction with the Court's review of the state court

record in this matter, the Court concludes that Collins has not established that the Superior

Court's determination is contrary to, or an unreasonable application of, United States

Supreme Court precedent under § 2254(d) and *Strickland*.  No relief is due, and this claim

must be denied.

**2.     Ground Two—Trial counsel was ineffective for failing to call an expert witness**

Collins next asserts that trial counsel was ineffective for failing to present an expert

witness to testify on his behalf.  He raised this claim in his PCRA petition and the PCRA

court denied relief.  The Pennsylvania Superior Court affirmed the PCRA court's denial of

this claim, and set forth the following:

> Appellant next argues that trial counsel was ineffective for failing to call an
> expert witness.  Appellant's Brief at 17-18.  Appellant claims that trial counsel
> should have called an expert in handwriting analysis to testify regarding
> letters written by Appellant.  *Id*[.] at 17.  Also, Appellant asserts that trial
> counsel should have called an expert witness to testify regarding Appellant's
> position in the van and whether Appellant could have fired the fatal gunshot.
> *Id.* at 18.

> Regarding a claim of trial counsel ineffective assistance for failure to call an
> expert witness, this Court has stated the following:

>> In order to demonstrate counsel's ineffectiveness for failure to call a
>> witness, a petitioner must prove that "the witness existed, the witness
>> was ready and willing to testify, and the absence of the witness'
>> testimony prejudiced petitioner and denied him a fair trial."
>> [*Commonwealth v.*] *Johnson*, 27 A.3d [244,] 247 [ (Pa. Super. 2011)]
>> (internal citation omitted).  In particular, when challenging trial
>> counsel's failure to produce expert testimony, "the defendant must
>> articulate what evidence was available and identify the witness who
>> was willing to offer such evidence."  *Commonwealth v. Bryant*, 579
>> Pa. 119, 855 A.2d 726, 745 (Pa. 2004) (internal citation omitted).

> *Commonwealth v. Luster*, 71 A.3d 1029, 1047 (Pa. Super. 2013).

> Our review of the record reflects that Appellant failed to identify any expert
> witness or provide an affidavit that the alleged expert was available to testify
> on Appellant's behalf.  Lacking such evidence of an available witness, the
> PCRA court had no reason to believe that any expert would have testified in
> the manner that Appellant alleges.  Thus, we discern no error on the part of
> the PCRA court in declining to grant Appellant relief on this ineffective
> assistance of counsel claim.

*Commonwealth v. Collins*, 2018 WL 6735019, at *4.

To reiterate, when considering the prejudice prong of *Strickland*, a court must evaluate the effect of counsel's inadequate performance in light of the totality of evidence. This Court does not inquire as to whether the Court "believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citations omitted) (internal quotation marks omitted). Under this demanding standard, Collins fails to show that the state court's decision was an unreasonable application of *Strickland* or that it was an unreasonable application of the facts in light of the evidence presented. In evaluating prejudice, the Superior Court considered the totality of the available evidence during the PCRA proceeding. In the Superior Court's opinion, it noted that in establishing whether defense counsel was ineffective for failing to call a witness, a defendant must prove the witness existed, the witness was ready and willing to testify, and the absence of the witness' testimony prejudiced the defendant and denied him a fair trial. *Commonwealth v. Collins*, 2018 WL 6735019, at *4. In applying Pennsylvania's failure to call a witness standard to Collins' claim, the Superior Court found that Collins failed to meet his burden as he was unable to identify any expert witness, he was unable to establish that the alleged expert was willing to testify, and he was unable to show that the expert would have testified on Collins' behalf. *Id.* The Superior Court thus found that trial counsel was not ineffective. *Id.*

On the whole, it is clear that the Superior Court's prejudice analysis reflected a reasonable application of "clearly established" federal law, *see Harrington v. Richter*, 562 U.S. 86, 101 (2011); *Jacobs v. Horn*, 395 F.3d 92, 106 (3d Cir. 2005).  It was also a reasonable determination of the facts in light of the evidence presented.  Moreover, the United States Court of Appeals for the Third Circuit has held that the precise choice made here, to forego calling certain witnesses, is an appropriate tactical decision that does not entitle a petitioner to habeas corpus relief on the grounds of ineffective assistance of counsel.  *Alexander v. Shannon*, 163 F. App'x 167, 175 (3d Cir. 2006).  *See also Sanders v. Trickey*, 875 F.2d 205, 212 (8th Cir. 1989) (trial counsel's failure to call a witness "is precisely the sort of strategic trial decision that *Strickland* protects from second-guessing").  Collins is not entitled to relief on this claim.

### 3.   Ground Three—Trial counsel was ineffective for failing to object to inflammatory photographs

Next, Collins alleges that trial counsel was ineffective for failing to object to the admission of inflammatory photographs of the crime scene.  Collins presented this ineffectiveness claim in his PCRA proceedings, and the Superior Court found the claim waived and reasoned as follows:

> In his third issue, Appellant argues that trial counsel was ineffective with regard to the admission of inflammatory photographs of the crime scene. Appellant's Brief at 18-21.  Appellant contends that trial counsel was ineffective for failing to object to the admissibility of the photographs and for failing to request a jury instruction regarding inflammatory photographs. *Id.* Before we address Appellant's claim, we must consider whether the issue is waived.  An appellate court is limited to considering only those facts that have

been duly certified in the record on appeal. *See Commonwealth v. Powell*, 956 A.2d 406, 423 (Pa. 2008) (holding the appellant waived a challenge to the admissibility of an autopsy photograph where he failed to include the photograph at issue in the certified record).

Specifically, we are mindful of the following:

> Moreover, "it is Appellant's responsibility to ensure that this Court has the complete record necessary to properly review a claim." *Commonwealth v. Tucker*, 143 A.3d 955, 963 (Pa. Super. 2016) (internal quotation marks and citation omitted).
>
> In *Commonwealth v. Petroll*, 696 A.2d 817 (Pa. Super. 1997), *aff'd*, 558 Pa. 565, 738 A.2d 993 (Pa. 1999), the defendant argued that the trial court erred by failing to sustain his objection to the admission of photographs. This Court found the issue waived because of the defendant's failure to ensure the photographs were included in the certified record. *See id.* at 836. Similarly, in *Commonwealth v. Lassen*, 659 A.2d 999 (Pa. Super. 1995), *abrogated on other grounds*, *Commonwealth v. Stultz*, 114 A.3d 865, 882 (Pa. Super. 2015), the defendant argued that the trial court erred by admitting photographs of the victim's injuries. This Court found the issue waived because the defendant failed to include the photographs in the certified record. *See id.* at 1008. "In this case, Appellant has failed to provide the necessary [photographs] for review. Because our review of the issue is dependent upon materials that are not provided in the certified record, we cannot consider this claim. Thus, this claim is waived." *Commonwealth v. Scassera*, 965 A.2d 247, 249 (Pa. Super. 2009), *appeal denied*, 985 A.2d 219 (Pa. 2009).

*Commonwealth v. Kennedy*, 151 A.3d 1117, 1127 (Pa. Super. 2016). Our review of the certified record reflects that the Commonwealth admitted multiple photographs into evidence at Appellant's trial. *See* N.T., 3/29/13-4/5/13, at 4-5 (index to exhibits). However, none of the photographs admitted at trial are included in the certified record for transmittal to this Court. Therefore, Appellant failed to ensure that the complete record is before this Court for review. Accordingly, because we cannot review the allegedly inflammatory photographs presented by the Commonwealth, our review of the issue of whether trial counsel was ineffective with regard to the photographs

is hampered.  Hence, we are constrained to deem this issue to be waived on appeal.  *Kennedy*, 151 A.3d at 1127.

*Commonwealth v. Collins*, 2018 WL 6735019, at *4-5.

When the state court does not address the merits of a claim because the petitioner failed to follow the state's procedural rules in presenting the claims, the claim will be considered procedurally defaulted if the rule upon which the state court relied is independent of the constitutional issue and adequate to support the decision.  *Maples v. Thomas*, 566 U.S. 266, 280 (2012); *Harris v. Reed*, 489 U.S. 255, 260 (1989).  "[A] state procedural ground is not 'adequate' unless the procedural rule is 'strictly or regularly followed,'" *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988), and the rule "speaks in unmistakable terms."  *Doctor v. Walters*, 96 F.3d 675, 683 (3d Cir. 1996) (*abrogated on other grounds by Beard v. Kindler*, 558 U.S. 53 (2009)).  Thus, the procedural disposition must comport with similar decisions in other cases such that there is a firmly established rule that is applied in a consistent and regular manner "in the vast majority of cases."  *Banks v. Horn*, 126 F.3d 206, 211 (3d Cir. 1997) (quoting *Dugger v. Adams*, 489 U.S. 401, 410 n.6 (1989)).

Here, the default is based on the Superior Court's finding of waiver, specifically Collins' failure to ensure the photographs were included in the certified record on appeal.  As a result of the state court's finding that this claim was waived, the claim is procedurally defaulted.  Collins fails to allege, as is his burden, the existence of either cause or prejudice

24

for the procedural default and none appears on the record. Neither does it appear that a

miscarriage of justice would occur. Accordingly, habeas review of this claim is foreclosed.

> **4.    Ground Four—Trial counsel was ineffective for failing to request
> a jury instruction relating to the intoxicated state of
> Commonwealth witnesses.**

In ground four, Collins alleges that trial counsel was ineffective for failing to request a

jury instruction relating to the intoxicated state of several Commonwealth witnesses. During

PCRA proceedings, the Superior Court found no merit to this claim and stated as follows:

> Appellant next argues that trial counsel was ineffective for failing to request a
> jury instruction relating to the intoxicated state of several Commonwealth
> witnesses. Appellant's Brief at 21-23. Essentially, Appellant contends that,
> because there was testimony indicating that several of the witnesses who
> were present in the van had used drugs and alcohol the night before the
> murder, an instruction concerning the credibility of intoxicated witnesses was
> appropriate.

> It is undisputed that a trial court has wide discretion in fashioning jury
> instructions. *Commonwealth v. Brown*, 911 A.2d 576, 583 (Pa. Super. 2009).
> Furthermore, our Supreme Court has held that "[t]here is no ineffectiveness of
> counsel for failing to request an unwarranted [jury] instruction."
> *Commonwealth v. Ragan*, 743 A.2d 390, 397 (Pa. 1999).

> As Appellant indicates in his brief,

> > "Rashon Burston testified that he was drunk, smoked weed, and
> > smoked dippers. (N.T., p. 366). Videl Little indicated that he was high
> > on dippers (N.T., p. 403-404), and drunk (N.T., p. 411-412), and he
> > used to get high every day (N.T., p. 419). Eric Bostic admitted that he
> > was high and drunk (N.T., p. 460), and Danielle Chavious was high
> > on dippers (N.T., p. 665)."

> Appellant's Brief at 22. Specifically, the above-cited testimony was in relation
> to the witnesses' behavior at a hotel party the night before the crime.
> However, none of the testimony pertained to the actual condition of the

witnesses at the time of the murder, which occurred at approximately 11:00 a.m. the day after the party. Accordingly, due to the lack of evidence of intoxication at the time of the murder, we conclude that a jury instruction pertaining to the intoxicated state of the above-named witnesses was not warranted. Consequently, there is no underlying merit to Appellant's instant claim of trial counsel ineffective assistance. Therefore, this claim fails.

*Commonwealth v. Collins*, 2018 WL 6735019, at *5.

This Court must defer to the conclusions of the state court on this issue. The Supreme Court has stated clearly that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Under the circumstances, it cannot be said that the state court's finding was "contrary to" federal law or an "unreasonable determination of the facts" which would warrant relief under § 2254(d).

Here, The Superior Court noted that a trial court has broad discretion in the phrasing of jury instructions. The Superior Court found that a jury instruction pertaining to the intoxicated state of certain witnesses was not warranted. Upon review of the record, the state court's conclusion is not contrary to federal law. As the intoxication instruction was not warranted, trial counsel's failure to request such an instruction does not fall below the objective standard of reasonableness necessary to satisfy the deficient performance prong of the *Strickland* test. Relief under *Strickland* is not available where counsel failed to raise a meritless claim. *See Strickland*, 466 U.S. at 691.

5.    **Ground Five—Trial counsel was ineffective for failing to properly cross-examine certain Commonwealth witnesses**

Collins' next allegation relates to trial counsel's ineffectiveness for failing to properly cross-examine Commonwealth witnesses. He presented this claim in his PCRA petition. On appeal from the denial of his PCRA petition, the Pennsylvania Superior Court found that this claim was waived, as follows:

> In his fifth issue, Appellant argues that trial counsel was ineffective for failing to properly cross-examine certain Commonwealth witnesses who had pending criminal charges. Appellant's Brief at 23-24. Appellant claims trial counsel did not fully cross-examine the witnesses regarding bias and what the witnesses were expecting from the Commonwealth in exchange for their cooperation. *Id.* at 24.
>
> Our Courts have consistently ruled that, where a trial court directs a defendant to file a concise statement pursuant to Pennsylvania Rule of Appellate Procedure 1925, any issues not raised in that statement shall be waived. *Commonwealth v. Bullock*, 948 A.2d 818, 823 (Pa. Super. 2008) (citing *Commonwealth v. Lord*, 719 A.2d 306, 308 (Pa. 1998)). In *Commonwealth v. Butler*, 812 A.2d 631, 633 (Pa. 2002), our Supreme Court reaffirmed its holding in Lord and stated: "In Lord, however, this Court eliminated any aspect of discretion and established a bright-line rule for waiver under Rule 1925 .... Thus, waiver under Rule 1925 is automatic." *See also Commonwealth v. Oliver*, 946 A.2d 1111, 1115 (Pa. Super. 2008) (noting that Lord "requires a finding of waiver whenever an appellant fails to raise an issue in a court-ordered Pa.R.A.P. 1925(b) statement").
>
> Rule 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." *Commonwealth v. Dowling*, 778 A.2d 683, 686 (Pa. Super. 2001). In addition, we are mindful that claims not raised before the trial court are waived. *See Commonwealth v. Ryan*, 909 A.2d 839, 845 (Pa. Super. 2006) (citing *Commonwealth v. Gordon*, 528 A.2d 631, 638 (Pa. Super. 1987) (reiterating that "[a] theory of error different from that presented

to the trial jurist is waived on appeal, even if both theories support the same basic allegation of error which gives rise to the claim for relief").

Our review of the certified record reflects that on February 26, 2018, the PCRA court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. The record further reflects Appellant filed his Rule 1925(b) statement on March 8, 2018. Appellant's Rule 1925(b) statement contains a total of eight issues. The fourth issue is the only issue that raised a claim pertaining to the cooperation of Commonwealth witnesses, and it provides as follows:

> Did trial counsel provide a meaningful representation by: Failing to request a jury instruction on bias or motivation of Commonwealth witnesses for their cooperation?

Pa.R.A.P. 1925(b) Statement, 3/8/18, at 1 ¶ 1(d).

Thus, Appellant properly preserved for review a claim alleging ineffective assistance for failure to request a jury instruction. However, in his Rule 1925(b) statement, Appellant never specifically raised to the PCRA court the theory that trial counsel was ineffective for failing to cross-examine properly certain Commonwealth witnesses with pending criminal charges. Therefore, to the extent Appellant now attempts to challenge whether trial counsel was ineffective for failing to properly cross-examine the Commonwealth witnesses, we conclude that this argument is waived because Appellant failed to present this specific issue in his Rule 1925(b) statement.

*Commonwealth v. Collins*, 2018 WL 6735019, at *5-6.

In considering this claim, the Superior Court found that Collins' Rule 1925(b) statement did not include his claim that trial counsel was ineffective for failing to properly cross-examine certain Commonwealth witnesses, thus, the issue was waived. *Id.* In Pennsylvania, "[w]here a defendant is ordered to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and fails to raise a particular matter within that statement, the defendant is deemed to have waived that point of error on

28

appeal." *Burnam v. Capozza*, No. 20-CV-1800, 2020 WL 7130600, at *15 (W.D. Pa. Dec. 4,

2020) (citations omitted).  The Third Circuit, and federal district courts in this district, have

held that waiver of an issue for failure to comply with Pennsylvania Rule 1925(b) is an

independent and adequate state ground that bars habeas review under *Coleman*.  *See*

*Buck v. Colleran*, 115 F. App'x 526, 528 (3d Cir. 2004); *Brown v. Bickell*, 2015 WL 1874220,

at *24-25 (E.D. Pa. 2015) (citing cases).

Collins failed to include the issue set forth in ground five of his habeas petition in his

Rule 1925(b) statements.  The claim is therefore waived.  As stated above, the failure to

properly present claims to the state court generally results in a procedural default, unless

the petitioner establishes cause and prejudice or a fundamental miscarriage of justice to

excuse the default.  *Coleman*, 501 U.S. at 750; *Werts*, 228 F.3d at 192.  Collins fails to

allege the existence of cause or prejudice for the procedural default, and none appears on

the record.  Neither does it appear that a miscarriage of justice would occur.  Therefore, this

claim is barred from federal review.

### 6.   Ground Six—Trial counsel was ineffective for failing to cross-examine Commonwealth witness Rashon Burston.

In ground six, Collins claims that trial counsel was ineffective for failing to cross-

examine a Commonwealth Witness—Rashon Burton—as to why his fingerprints were on

the ammunition tray.  On PCRA appeal, the Superior Court found that this claim lacked

merit and stated the following:

Appellant next argues that trial counsel was ineffective for failing to cross-examine Commonwealth witness Rashon Burston. Appellant's Brief at 24-25. Appellant avers that trial counsel should have questioned Mr. Burston regarding the fact that his fingerprint was the only usable print on the ammunition tray discovered by police.

In addressing this claim of ineffective assistance of trial counsel, the PCRA court offered the following analysis:

> [Appellant] alleges counsel was ineffective for failing to question Rashon Burston about the fact that his fingerprints were found on an ammunition tray that was recovered by police. Trial counsel extensively cross-examined Investigator William Kimmick of the Harrisburg Police Department about fingerprints found on the ammunition tray as well as on playing cards which were also recovered. Detective Kimmick testified that the only usable print pulled from the ammunition tray was that of Burston, and that the only print belonging to [Appellant] was found on the playing cards. However, [Appellant] alleges, neither trial counsel nor counsel for the Commonwealth questioned Burston about why his prints were on the ammunition tray. [Appellant] contends, since Burston's prints were the only ones found on any evidence related to the shooting, [Appellant] was prejudiced by trial counsel's failure to question Burston.
>
> [Appellant] fails to demonstrate a reasonable probability of a different result had trial counsel questioned Burston, and, therefore, his ineffectiveness claim is without merit. Further, the jury heard Detective Kimmick's testimony regarding the fingerprint analysis from the ammunition tray and the playing cards, and was thus fully aware that no usable fingerprints of [Appellant] were pulled from the tray. No purpose would be served by further proceedings; therefore we decline to grant [Appellant's] request for an evidentiary hearing on this claim.

PCRA Court Opinion, 8/31/16, at 6.

We agree with the PCRA court that, in light of the fact that the jury heard testimony that Appellant's fingerprints were not on the ammunition tray, Appellant has failed to show that the outcome of the proceedings would have

been different had trial counsel questioned Mr. Burston about his fingerprints
being on the ammunition tray.  Hence, this claim of ineffective assistance
lacks merit.

*Commonwealth v. Collins*, 2018 WL 6735019, at *6-7.

Collins argued that trial counsel was ineffective for failing to cross-examine

Commonwealth witness Rashon Burston about fingerprint evidence.  However, the state

court found that this claim immediately failed, as Collins had not explained how he would

have achieved a better outcome at trial if his trial counsel questioned Burston about his

fingerprints being on the ammunition tray.  The state court highlighted that the jury did in

fact hear testimony that Collins' fingerprints were not on the ammunition tray, thus, Collins

failed to establish that the outcome of the proceedings would have been different if the

witness was questioned.

The Court is mindful that, as previously stated, there is a strong presumption that

counsel's performance falls within the wide range of professionally competent assistance.

*See Strickland*, 466 U.S. at 690; *see also Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir.

1996) (counsel's strategic choices are reviewed with a strong presumption of correctness).

Trial counsel's failure to pursue a particular line of questioning can be considered sound trial

strategy.  This Court cannot say that the state court's analysis was an unreasonable

application of *Strickland*.  Collins is not entitled to relief on this ineffective assistance of trial

counsel claim.

7.    **Ground Seven—Trial counsel was ineffective for failing to properly argue that the specific caliber of the gun involved in the shooting was unknown.**

In his penultimate claim, Collins asserts that trial counsel was ineffective for failing to

properly argue the fact that the specific caliber of the gun involved in the shooting was

unknown.  In considering, and denying this claim, the Superior Court found as follows:

> In his seventh issue, Appellant argues that trial counsel was ineffective for failing to reiterate in his closing argument the fact that the specific caliber of gun involved in the shooting was unknown.  Appellant's Brief at 25-27. Appellant notes that no murder weapon was found and there was no definitive conclusion as to the exact caliber of the bullet.
>
> The PCRA court offered the following discussion of this claim of ineffective assistance:
>
>> [Appellant] argues counsel was ineffective for failing to elicit during testimony what caliber gun was used in the homicide.  Dr. Wayne Ross, who performed the autopsy, and Pennsylvania State Trooper Michael Fortley both testified at trial regarding the type of gun used in the shooting.  Both individuals indicated they were not sure what caliber gun was used.  [Appellant] submits "it is obvious that the murder weapon was not found, and that is was [sic] unclear what type of gun was used[,]" and alleges counsel was ineffective for failing to argue this fact in his closing argument.
>>
>> [Appellant] is not entitled to relief on this claim because he fails to demonstrate his claim is of arguable merit.  Counsel's failure to repeat something that was already presented to the jury during his closing argument cannot be said to be so unreasonable that it rises to the level of ineffectiveness.  Further, [Appellant] fails to show how counsel's omission prejudiced him.  The fact that a murder weapon was not found and the caliber gun used in the shooting was unknown was made clear to the jury through the testimony of both Dr. Ross and Trooper Fortley.  Further, it makes no difference what caliber gun was used; the bottom line is that a gun was used to kill the cab

driver.  To claim counsel's failure to repeat this information during
closing argument is ineffective assistance is simply misguided.

PCRA Court Opinion, 8/31/16, at 7.

We agree with the conclusion of the PCRA court that Appellant has failed to
prove that trial counsel's omission of an argument regarding the lack of
evidence of the caliber of the gun cause actual prejudice.  Appellant's
argument in this regard amounts to allegations of appellate counsel's
ineffective assistance and lacks any significant discussion of the prejudice
prong of the *Pierce* test.  As we previously stated, claims of ineffective
assistance of counsel are not self-proving.  *Wharton*, 811 A.2d at 986.  A
PCRA petitioner must present argumentation relative to all three prongs of the
ineffectiveness standard.  *D'Amato*, 856 A.2d at 812.  Accordingly,
Appellant's undeveloped claim of trial counsel's ineffective assistance fails.

*Commonwealth v. Collins*, 2018 WL 6735019, at *7.

The Superior Court addressed this claim in succinct fashion noting that the claim

fails because Collins did not prove that trial counsel's omission of the argument regarding

the lack of evidence of the caliber of the gun caused actual prejudice.  It was also noted that

the jury did hear testimony regarding the fact that the specific caliber of the gun involved in

the shooting was unknown.  The Superior Court further observed that Collins failed to

adequately develop this ineffective assistance of counsel claim.

The state court's determination is a reasonable application of the prejudice prong of

*Strickland* and constitutes an objectively reasonable determination of the facts in light of the

testimony elicited in the state court proceedings.  Collins is not entitled to relief on this claim.

8.   **Ground Eight—Trial counsel was ineffective for failing to argue that there was prosecutorial misconduct during trial.**

In his last claim for relief, Collins alleges that trial counsel was ineffective for failing to

argue that there was prosecutorial misconduct during trial.  The Superior Court determined

that this specific claim was not presented in state court proceedings, and set forth the

following analysis:

> In his final issue, Appellant argues that the assistant district attorney
> committed prosecutorial misconduct during trial.  Appellant's Brief at 27-29.
> Specifically, Appellant avers that the prosecutor improperly questioned a
> Commonwealth witness without that witness's attorney being present.  *Id.*
> Appellant contends that, because the lack of the attorney being present, the
> Commonwealth witness should not have been called to testify.  *Id.* at 29.
>
> We observe the following:
>
> > "[T]o be entitled to PCRA relief, a petitioner must plead and prove,
> > *inter alia*, that the allegation of error has not been previously
> > litigated or waived."  *Commonwealth v. Berry*, 877 A.2d 479, 482
> > (Pa. Super. 2005), *appeal denied*, 917 A.2d 844 (Pa. 2007).  "An
> > issue is waived if it could have been raised prior to the filing of the
> > PCRA petition, but was not."  *Id.*  These statements in *Berry* are
> > derived directly from Section 954[4](b) of the PCRA, which provides
> > that "an issue is waived if the petitioner could have raised it but
> > failed to do so before trial, at trial, during unitary review, on appeal
> > or in a prior state post-conviction proceeding." 42 Pa.C.S. §
> > 954[4](b).
>
> *Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa. Super. 2007).  Thus,
> where issues presented in a PCRA petition could have been raised on direct
> appeal and were not, they are waived.  *Id. See also Commonwealth v.
> Lambert*, 797 A.2d 232, 240 (Pa. 2001) (PCRA petitioner's issues that could
> have been raised on direct appeal but were not, are waived under 42 Pa.C.S.
> § 9544(b)).

> Our review of the record reflects that the issue concerning prosecutorial misconduct could have been raised on direct appeal but was not. Moreover, it is not a claim which Appellant assigned as error to trial counsel. Accordingly, we conclude that this issue is waived. *Turetsky*.

*Commonwealth v. Collins*, 2018 WL 6735019, at *8.

Two conclusions can be drawn from the state court record. First, Collins never raised a standalone claim of prosecutorial misconduct on direct appeal, thus, the Superior Court found that the claim was waived. Second, Collins never couched this claim in terms of an ineffective assistance of counsel claim. Ground eight of the habeas petition—alleging that trial counsel was ineffective for failing to argue that there was prosecutorial misconduct during trial—has not been pursued in the state courts. The time for filing both a direct appeal and a PCRA petition has expired, and the state procedural rules prohibit Collins from bringing this claim in state court. *See* PA. R. APP. P. 903(a) (time for filing a direct appeal); 42 PA. CONS. STAT. § 9545(b)(1) (PCRA statute of limitations); 42 PA. CONS. STAT. § 9544(b) (PCRA waiver rule). Because there are no longer any state remedies available to Collins, the claim is procedurally defaulted, and review of the claim is barred. *Coleman*, 501 U.S. at 731-32; *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993). Once again, Collins cannot excuse the default as he has not alleged cause and prejudice or a fundamental miscarriage of justice.

### 9.    Ground Nine—Cumulative Prejudice

In his traverse, Collins asserts that trial counsel's alleged ineffective assistance, combined with alleged constitutional violations, cumulatively caused him prejudice.  (Doc. 27, p. 29).  Collins did not raise this claim in state court.  As stated *supra*, there are no longer any state remedies available to Collins and the claim is procedurally defaulted. *Coleman*, 501 U.S. at 731-32; *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993).  Collins has not alleged cause and prejudice or a fundamental miscarriage of justice to excuse the default.  Federal review of this claim is barred.

## IV.   Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Collins failed to demonstrate that a certificate of appealability should issue.

## V.   Conclusion

The Court will deny Collins' application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a certificate of appealability will not issue. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: July 2, 2024